UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LADARIUS D. MCGHEE,

                              Plaintiff,

v.                                                      Case No. 25-cv-577-pp

MEGA MEDIA FIRMS, *et al.*,

                              Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 8) AND DISMISSING CASE**

---

      Plaintiff Ladarius D. McGhee filed this lawsuit alleging violations of his civil rights. Dkt. No. 1. On July 8, 2025, Magistrate Judge Nancy Joseph issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to diligently litigate it. Dkt. No. 8. The court has not received from the plaintiff an objection to the order, and the deadline for him to file such an objection passed at the end of July. This order adopts Judge Joseph's recommendation and dismisses the case.

**I.    Legal Standard**

      A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

1

## II. Discussion

The court received the plaintiff's complaint (Dkt. No. 1) and his motion to proceed without prepaying the filing fee (Dkt. No. 3) on April 23, 2025. The complaint (which was not prepared on the court's complaint form) was received via the Prisoner E-Filing Program from Waupun Correctional Institution and the motion to proceed without prepaying the filing fee stated that the plaintiff was incarcerated at Waupun. Dkt. No. 3 at 1. The same day, the clerk's office sent the plaintiff a letter advising that within twenty-one days, he must either submit the full $405 filing fee or provide the court with a copy of his certified trust account statement. Dkt. No. 4. The letter also enclosed a blank magistrate judge consent form and advised the plaintiff to sign and return it to the court within twenty-one days. Id. The letter warned the plaintiff that if he did not comply with those requirements, the court may dismiss his case without further notice. Id. The court sent that letter to the plaintiff at Waupun.

On May 6, 2025, the court received a letter from the plaintiff. Dkt. No. 5. Like the complaint, it was e-filed from Waupun. On May 9, 2025, the court received another letter from the plaintiff, also e-filed from Waupun. Dkt. No. 6. But the court did *not* receive from the plaintiff the filing fee, the plaintiff's trust account statement or a signed magistrate judge consent form.

On May 27, 2025, the clerk's office sent the plaintiff a second letter advising him that within twenty-one days, he must provide the court with a certified copy of his trust account statement for the past six months and a signed magistrate judge consent form. Dkt. No. 7. The letter enclosed another blank magistrate judge consent form. Id. The letter again warned the plaintiff that the court may dismiss his lawsuit if he did not comply with these

2

requirements. Id. Again, the clerk sent these documents to the plaintiff at Waupun Correctional Institution.

The Wisconsin Department of Corrections Offender Detail website states that since February 12, 2025, the plaintiff has been confined at Waupun and continues to be confined there. Appsdoc.wi.gov/lop/details/detail (for "McGhee, Ladarius D., #618229"). Neither of the two letters the clerk's office sent to the plaintiff at Waupun was returned to the court as undeliverable and the court has no reason to believe that the plaintiff did not receive them. The twenty-one-day deadline has passed—it passed on June 17, 2025, over two months ago—and the court has not received the filing fee, a copy of the plaintiff's trust account statement or the signed magistrate judge consent form.

On July 8, 2025, Judge Joseph issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to provide his trust account statement. Dkt. No. 8. Judge Joseph's order recounts the procedural history and describes the two letters sent from the clerk's office to the plaintiff. Id. at 1–2. Judge Joseph states that the court has not heard from the plaintiff, and she explains that the case cannot proceed without the plaintiff's trust account statement. Id. at 2. Judge Joseph observes that the plaintiff "is a seasoned *pro se* litigator, having filed several cases before this court, and he understands the requirements." Id. She recommends that this district court dismiss the case without prejudice because the plaintiff still has not provided his trust account statement to the court. Id. Judge Joseph's order stated that the plaintiff had fourteen days to file any objection. Dkt. No. 8 at 3. Like the letters from the clerk's office, this order was mailed to the plaintiff at Waupun and has not been returned to the court as undeliverable, so the court has no reason to believe the plaintiff didn't receive it.

The plaintiff's deadline for objecting to Judge Joseph's recommendation passed on July 8, 2025—more than six weeks ago. The court has not received from the plaintiff an objection to Judge Joseph's order recommending that the case be dismissed without prejudice. Nor has the court received from the plaintiff the $405 filing fee or his missing trust account statement and signed magistrate judge consent form. The court has reviewed Judge Joseph's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Joseph's recommendation and dismiss this case.

### III. Conclusion

The court **ADOPTS** Magistrate Judge Joseph's recommendation and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to diligently litigate it. Dkt. No. 8. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**